Melissa A. Fortunato (SBN 319767)
fortunato@bespc.com
Marion C. Passmore (SBN 228474)
passmore@bespc.com
**BRAGAR EAGEL & SQUIRE, P.C.**
580 California Street, , Suite 1200
San Francisco, CA 94104
Telephone: (415) 568-2124
Fascimile: (212) 214-0506
*Attorneys for Plaintiff*

Michael D. Celio, SBN 197998
mcelio@gibsondunn.com
Jessica Valenzuela, SBN 220934
jvalenzuela@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
310 University Avenue
Palo Alto, CA 94301
Telephone: (650) 849-5300
Facsimile: (650) 849-5333

Monica K. Loseman, SBN 309370
mloseman@gibsondunn.com
1801 California Street, Suite 4200
Denver, CO 80202-2642
Telephone: (303) 298-5700
Facsimile: (303) 298-5907
*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SABRINA JEFFRIES, Derivatively on Behalf of Nominal Defendant AFFIRM HOLDINGS, INC., <br> Plaintiff, <br><br> v. <br><br> MAX LEVCHIN, MICHAEL LINFORD, JEREMY LIEW, LIBOR MICHALEK, JENNY J. MING, JEREMY PHILIPS, CHRISTA S. QUARLES, KEITH RABOIS, JACQUELINE D. RESES, and JAMES D. WHITE, <br> Defendants, <br> and, <br><br> AFFIRM HOLDINGS, INC., <br> Nominal Defendant. | Case No: 3:23-cv-02552-AMO <br><br> **JOINT STIPULATION AND [PROPOSED] ORDER TO STAY DERIVATIVE ACTION** |

Plaintiff Sabrina Jeffries ("Plaintiff"), derivatively on behalf of Affirm Holdings, Inc. ("Affirm" or the "Company"), and Defendants Max Levchin, Michael Linford, Jeremy Liew, Libor Michalek, Jenny J. Ming, Jeremy Philips, Christa S. Quarles, Keith Rabois, Jacqueline D. Reses, and James D. White, (the "Individual Defendants") and with Affirm Holdings, Inc., Nominal Defendant, (collectively "Defendants") (collectively, the "Parties") jointly submit this stipulation to temporarily stay the above-captioned action (the "Stipulation"), and in support thereof state as follows:

WHEREAS, Plaintiff filed an action captioned *Jeffries v. Levchin, et al.*, Civil Action No. 4:23-cv-02552 (N.D. Cal.), purportedly in the right, and for the benefit of, Affirm against all Individual Defendants seeking to remedy Individual Defendants' alleged breaches of fiduciary duties, unjust enrichment, waste of corporate assets, aiding and abetting, and alleged violations of Section 10(b) and 21D of the Securities Exchange Act of 1934 (the "Exchange Act"), that allegedly caused substantial harm to Affirm (the "Derivative Litigation");

WHEREAS, pending in the United States District Court for the Northern District of California is a putative securities class action captioned *In re Affirm Holdings, Inc. Securities Litigation*, Case 3:22-cv-07770 (the "Securities Litigation"), and a derivative action captioned *Quiroga v. Levchin et al.*, 3:23-cv-01492-AMO (the "*Quiroga* Action");

WHEREAS, there is an apparent overlap between the facts and circumstances alleged in the Derivative Litigation, the *Quiroga* Action, and the Securities Litigation, including the potential relevance of many of the same documents and witnesses;

WHEREAS, Affirm, Levchin, and Linford, named defendants in the Derivative Litigation, are also named as defendants in the *Quiroga* Action and the Securities Litigation (the "Securities Litigation Defendants");

WHEREAS, the Securities Litigation Defendants have filed a motion to dismiss for failure to state a claim in the Securities Litigation, a hearing on which is set for November 16, 2023;

WHEREAS, the *Quiroga* Action is currently stayed pending resolution of the Securities Litigation, *see Quiroga*, Dkt. 10;

WHEREAS, in order to ensure economy of time and effort for the Court, for counsel, and for litigants, Plaintiff and Defendants have agreed that, in light of the apparent overlap between the facts

alleged in the Derivative Litigation, the *Quiroga* Action, and the Securities Litigation, and that the outcome of the anticipated motion to dismiss in the Securities Litigation may inform the proceedings in the Derivative Litigation, that the Derivative Litigation should be temporarily stayed on the terms set forth below unless and until either (1) the Securities Litigation is dismissed, with prejudice, and all appeals related thereto have been exhausted; (2) the motion to dismiss the Securities Litigation is denied; or (3) either of the Parties to this Stipulation gives a ten (10) day notice that they no longer consent to the voluntary stay of the Derivative Litigation.

WHEREFORE, the Parties, through their undersigned counsel, hereby agree, stipulate, and respectfully request that the Court enter an order as follows:

1. All Defendants hereby accept service of the complaint filed in the Derivative Action.

2. The Derivative Litigation shall be stayed upon the Court's endorsement of this Stipulation as an Order of the Court.

3. Defendants shall promptly notify Plaintiff upon becoming aware of any derivative actions or threatened derivative actions, including, but not limited to, Section 220 demands or litigation demands that appear in Defendants' good faith judgment to be related to the Derivative Litigation.

4. The Parties agree that if the plaintiff in any related derivative action refuses to agree to a stay under similar terms, Plaintiff may lift the agreed stay upon ten (10) days' notice in writing to the undersigned Counsel for Defendants via email.

5. The Parties agree that during the pendency of this stay, Defendants shall inform Plaintiff promptly upon the scheduling of any mediation or settlement negotiation with the plaintiffs in the Securities Litigation. In the event that Defendants are unable for any reason to include Plaintiff in the mediation with plaintiffs in the Securities Litigation, then Defendants agree to mediate with Plaintiff in the Derivative Litigation at or about the same time. The Parties further agree that Defendants shall inform Plaintiff promptly upon the scheduling of any mediation or settlement negotiation with any other derivative plaintiffs who have asserted claims substantially similar to the claims asserted by Plaintiff herein, and shall include Plaintiff in any such mediation or settlement negotiation.

6. The Parties agree that notwithstanding this stay of this Derivative Litigation, Plaintiff may file an amended complaint; however, Defendants need not answer or otherwise respond to the

Complaint or to any other complaint or amended complaint that is filed in or consolidated with the above-captioned action during the pendency of this stay.

7. In the event that, during the pendency of the stay, Defendants agree to produce, or any of them are ordered to produce by a court of competent jurisdiction, any documents in the Securities Litigation or in any related derivative litigation, then copies of such documents shall be provided to Counsel for Plaintiff within ten (10) days of such production, subject to the execution by Plaintiff of a reasonable confidentiality agreement governing the use and disclosure of these materials.

8. Upon occurrence of any of (1) exhaustion of all appeals related to the Securities Litigation; or (2) either of the Parties to this Stipulation has given a ten (10) day notice that they no longer consent to the voluntary stay of the Derivative Litigation, then within seven (7) days of the occurrence of any such event or the expiration of the 10-day notice period, counsel for the parties shall meet and confer and jointly submit a proposed schedule for the filing of an amended complaint, if any, and Defendants' response thereto, and all associated briefing. Defendants are not otherwise required to move, answer, or otherwise respond to any complaint.

9. In the event that Defendants agree to terms or conditions in connection with any stipulation, agreement, or motion to stay a related derivative action that are more favorable to the plaintiff(s) therein, those more favorable terms or conditions shall be deemed incorporated into this stipulation.

10. The parties to this Derivative Action are not waiving any rights, claims, or defenses of any kind, and no part of this stipulation shall be construed as a waiver of any rights, claims, or defenses.

Dated: August 8, 2023

By: */s/ Marion C. Passmore*
**BRAGAR EAGEL & SQUIRE, P.C.**
Melissa A. Fortunato (SBN 319767)
fortunato@bespc.com
Marion C. Passmore (SBN 228474)
passmore@bespc.com
580 California Street, Suite 1200
San Francisco, CA 94104
Telephone: (415) 468-2124
Fascimile: (212) 214-0506
*Attorneys for Plaintiff*

By: */s/ Michael D. Celio*
**GIBSON DUNN & CRUTCHER LLP**
Michael D. Celio
mcelio@gibsondunn.com
Jessica Valenzuela
jvalenzuela@gibsondunn.com
310 University Avenue
Palo Alto, CA 94301
Telephone: (650) 849-5300
Facsimile: (650) 849-5333

Monica K. Loseman
mloseman@gibsondunn.com
1801 California Street, Suite 4200
Denver, CO 80202-2642
Telephone: (303) 298-5700
Facsimile: (303) 298-5907

***Attorneys for Defendants***

**[PROPOSED] ORDER**

On August 8, 2023, the parties in the above-captioned matter filed a joint stipulation to stay the derivative action.

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

DATED: August 15, 2023

_____
Honorable Araceli Martínez-Olguín
United States District Judge